Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AVT PROPERTIES INC., a California corporation; and DOES 1-10, inclusive, Defendants. | Case No. 8:20-cv-00900-DOC-JDE <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: September 28, 2020 <br> Time: 8:30 a.m. <br><br> Hon. David O. Carter |

  Plaintiff JAMES RUTHERFORD ("Plaintiff") and Defendant AVT PROPERTIES INC., a California corporation ("Defendant") respectfully submits this Joint Rule 26(f) Scheduling Report ("the Report" pursuant to Federal Rules of Civil Procedure Rule 26(f) Scheduling Report.

-1-

**JOINT RULE 26(f) REPORT**

## 1. Factual Summary of The Case And Of Claims And Defenses

<u>Plaintiff:</u>

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and twisting, turning, and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including, at times a wheelchair, to ambulate. At the time of Plaintiff's visits to Defendant's Property and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendant's Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities at the Property, even though he would be classified as a "bona fide patron".

Defendant owns the subject property, located at 1779 W. Lincoln Ave., Anaheim, CA 92801 (the "Property"). Located on the Property is Five Points Liquor 1 (the "Business"). The Business is a place of public accommodation, in that it is a facility open to the public, and a business establishment.

During his visit, Plaintiff personally encountered several architectural barriers:
- No ADASAD compliant accessible or van accessible parking signage which is in violation of Section 502.6;
- An access aisle at the only accessible parking space that is ramped up to connect the walkway to the street level creating slopes and cross slopes exceeding 2% (access aisles shall be at the same level as the parking spaces they serve.

-2-

JOINT RULE 26(f) REPORT

Changes in level are not permitted.  EXCEPTION: Slopes not steeper than 1:48 shall be permitted per Section 502.4);

- Several portions of the pavement surface in the parking lot are cracked, pock marked and crumbling (Advisory 302.1 General: A stable surface is one that remains unchanged by contaminants or applied force, so that when the contaminant or force is removed, the surface returns to its original condition. A firm surface resists deformation by either indentations or particles moving on its surface. A slip-resistant surface provides sufficient frictional counterforce to the forces exerted in walking to permit safe ambulation);
- A curb ramp that projects into the accessible parking space access aisle in violation of Section 406.5 (which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles);
- The slope of the curb ramp that flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 10% in violation of Section 406.3 (which requires that the slope does not exceed 10%);
- No accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street).

Plaintiff alleges Defendants violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property on or about March 5, 2020 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

Defendant: Dispute the ownership of the property in question and contend that access was sufficiently provided. Defendants deny that Plaintiff encountered any of the alleged barriers.

## 2. Principal Issues In The Case

Plaintiff:

The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

Defendant: Dispute the ownership of the property in question and contend that access was sufficiently provided. Defendants deny that Plaintiff encountered any of the alleged barriers.

## 3. Additional Parties and Amended Pleadings

Plaintiff:

Plaintiff does not believe he is likely to seek to add other parties. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

Defendant:

Defendant does not believe it is likely to seek to add other parties at this time.

**4.      Contemplated Law And Motion Matters**

<u>Plaintiff:</u>

Plaintiff plans on filing a motion for summary judgment once he has completed the necessary discovery.

<u>Defendant:</u>

Defendant plans on filing a motion for summary judgment once it has completed the necessary discovery.

**5.      Settlement and Settlement Procedure**

Plaintiff is ready and willing to engage in informal settlement discussions.

<u>Plaintiff:</u>

In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.

<u>Defendant:</u>

Defendant is in agreement with Plaintiff's proposed settlement procedure.

**6.      Discovery Plan**

The Parties have agreed that discovery shall commence immediately upon the Parties' meet and confer efforts in accordance with FRCP 26(d). The Parties assert that phasing of discovery is not necessary in this instance. The Parties propose that discovery be conducted in accordance with the allowances and limitations prescribed by the Federal Rules of Civil Procedure.

<u>Plaintiff:</u>

Plaintiff intends on propounding written discovery. Following written discovery, Plaintiff plans on deposing Defendants' employees and "person(s) most knowledgeable" under Rule 30(b)(6), and Defendants' expert(s).

Plaintiff proposes the following schedule for discovery:

- Fact Discovery Cut-Off: January 25, 2021
- Last Day to Serve Initial Expert Reports:  May 17, 2021
- Last Day to Serve Rebuttal Expert Reports:  May 31, 2021
- Expert Discovery Cut-Off:  July 19, 2021

Defendant:

Defendant is in agreement with Plaintiff's proposed discovery plans and cut-offs.

### 7. Trial Estimate

Plaintiff:  Plaintiff requests a bench trial.  Plaintiff currently estimates that a trial of this action will require 3-4 days.

Defendant:  Defendant is in agreement with Plaintiff.

### 8. Other Issues and Schedule

None at this time.  The Parties reserve their right to raise and address any additional issues as they may arise.

Plaintiff proposes the following pre-trial and trial schedule:
- Deadline for Motions to be Heard: July 26, 2021
- Final Pretrial Conference Date:  August 23, 2021
- Trial Date:  September 21, 2021

Defendant:  Defendant is in agreement with Plaintiff.

//
//
//

Respectfully submitted,

Dated: September 14, 2020            **MANNING LAW, APC**

By: /s/ *Joseph R. Manning, Jr., Esq.*
    Joseph R. Manning Jr., Esq.
    Attorneys for Plaintiff

Dated: September 14, 2020            **THE LAW OFFICES OF ALEX L. BENEDICT**

_____

By: */s/ Alex L. Benedict, Esq.*
    Alex L. Benedict
    Attorney for Defendant

### Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 14, 2020            **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
    Joseph R. Manning Jr., Esq.

**JOINT RULE 26(f) REPORT**